IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: Jason Beggs<br>　　　Debtor. | CHAPTER 13 |
| Nationstar Mortgage LLC as servicer for The Bank of New York Mellon as Indenture Trustee for Nationstar Home Equity Loan Trust 2009-A<br>　　　Movant,<br>v.<br>Jason Beggs<br>　　　Debtor, | BANKRUPTCY CASE NUMBER<br>17-12334/SR<br><br>11 U.S.C. § 362<br><br>August 23, 2017 at 10:00 am<br><br>Courtroom # 4 |
| Frederick L. Reigle, Trustee,<br>　　　Additional Respondent. | |

**MOTION OF THE BANK OF NEW YORK MELLON AS INDENTURE TRUSTEE FOR NATIONSTAR HOME EQUITY LOAN TRUST 2009-A FOR RELIEF, FROM THE AUTOMATIC STAY UNDER SECTION 362 (d)**

Secured Creditor, Nationstar Mortgage LLC as servicer for The Bank of New York Mellon as Indenture Trustee for Nationstar Home Equity Loan Trust 2009-A ("Movant"), by and through its undersigned counsel, pursuant to 11 U.S.C. § 362, hereby seeks relief from the automatic stay to exercise and enforce its rights, without limitation, with respect to certain real property. In support of this motion, Movant avers as follows:

1. Debtor named above filed a Voluntary Petition under Chapter 13 of the United States Bankruptcy Code in the Eastern District of Pennsylvania under the above case number.

2. Nationstar Mortgage LLC is the servicer of the loan and files this Motion on behalf of The Bank of New York Mellon as Indenture Trustee for Nationstar Home Equity Loan Trust 2009-A (hereafter jointly referred to as "Movant") against Debtor secured only by a first mortgage lien on real estate which is the principal residence of Debtor located at 1232 South Ruby Street, Philadelphia, PA 19143 (the "Mortgaged Premises").

3. Nationstar Mortgage LLC services the loan on the property referenced in this motion for relief. In the event the automatic stay in this case is modified, this case dismisses and/or the debtor obtains a discharge and a foreclosure action is commenced on the mortgaged property, the foreclosure will be conducted in the name of The Bank of New York Mellon as Indenture Trustee for Nationstar Home Equity Loan Trust 2009-A.

4. Nationstar Mortgage LLC, directly or through an agent, has possession of the promissory note. The promissory note is either made payable to Noteholder or has been duly indorsed in blank. Noteholder is the original mortgagee, or beneficiary, or the assignee of the security instrument for the referenced loan.

5. Additional Respondent is the Standing Trustee appointed in this Chapter 13 proceeding.

6. The filing of the Petition operated as an automatic stay under Section 362(a) of the Bankruptcy Code of proceedings to foreclose on the mortgage held by Movant on the Mortgaged Premises.

7. Debtor has not claimed an exemption in the subject property.

8. Debtor has failed to make all post-petition monthly mortgage payments. The defaults include the following monthly payments and charges:

a) Payments of $460.43 from May 1, 2017 through July 1, 2017 which totals $1,381.29;

b) The total amount due (8(a) through 8(a) combined) is $1,381.29

9. The Fair Market Value of the Property is $42,354.00, as per Debtor's Schedules. The approximate amount necessary to pay off the loan is $55,986.23 good through July 3, 2017. The breakdown of the payoff is as follows:

| | |
|---|---:|
| Principal Balance | $44,004.65 |
| Accrued Interest | $8,100.21 |
| Escrow Advances made by Plaintiff | $2,927.53 |
| Corporate Advance | $953.84 |
| Daily Per Diem | $7.23 |

Therefore, there is little, if any, equity in the Property.

10. Movant's interests are being immediately and irreparably harmed. Movant is entitled to relief, from the automatic stay, pursuant to either 11 U.S.C. § 362 (d)(1) or (d)(2), because of the foregoing default and because:

11. Movant, as a holder of the first mortgage lien securing a debt owed by Debtor, lacks adequate protection for its interests in the Mortgaged Premises;

12. Debtor does not have any equity in the Mortgaged Premises; and

13. The Mortgaged Premises are not necessary to an effective reorganization or plan.

14. Movant requests that the Court waive Rule 4001(a)(3), permitting Movant to immediately implement and enforce the Court's order.

15. Attached are redacted copies of any documents that support the claim, such as promissory notes, purchase order, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements in support of right to seek a lift of the automatic stay and foreclose if necessary.

WHEREFORE, Movant respectfully moves this Court for an Order (i) granting Movant relief from the automatic stay to foreclose upon and to otherwise exercise and enforce its rights with respect to the Mortgaged Premises, (ii) awarding reasonable attorneys' fees incurred in the preparation and presentation of this motion, and (iii) granting all such other and further relief as the Court deems appropriate and necessary. A proposed order to such effect is submitted herewith.

Respectfully submitted,

Dated: July 21, 2017

BY: /s/ Kevin S. Frankel
Kevin S. Frankel, Esquire
Shapiro & DeNardo, LLC
3600 Horizon Drive, Suite 150
King of Prussia, PA 19406
(610)278-6800/ fax (847) 954-4809
PA BAR ID #318323
pabk@logs.com

S&D File #:16-053027