Beggs Stipulation Bankruptcy Case # 17-12334 SR

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In re: Jason Beggs, Debtor. | CHAPTER 13 |
| The Bank of New York Mellon as Indenture Trustee for Nationstar Home Equity Loan Trust 2009-A, Movant. | BANKRUPTCY CASE NUMBER 17-12334 SR |
| v. | 11 U.S.C. § 362 |
| Jason Beggs, Debtor. | |
| Frederick L. Reigle, Trustee, Additional Respondent. | |

### STIPULATION AND ORDER

AND NOW, in consideration of the mutual promises and agreements set forth below, and other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, it is hereby stipulated and agreed to by and between the undersigned as follows:

1. This Stipulation shall govern all post-petition payments due and owing to Movant, including those that fall due after the arrears, as set forth below, are cured.

2. The post-petition arrearages on the mortgage held by Movant on Debtor' property at 1232 South Ruby Street, Philadelphia, PA 19143, are $1,841.72. The breakdown of the arrears is as follows:

    Post-Payments from May 1, 2017 to August 1, 2017 at $460.43 each    $1,841.72;

3. If Debtor provides proof of negotiated payments not already credited, they will receive credit for those payments.

4. Debtor shall cure the arrearages in the following manner:

    (a) The balance of the arrears, to-wit, $1,841.72, shall be cured by the Debtor in six (6) consecutive payments commencing on September 1, 2017. The Debtor shall pay the sum of

2 Beggs Stipulation Bankruptcy Case # 17-12334/SR

$306.95 for five (5) consecutive months. The Debtor shall pay the sixth (6th) and final payment of $306.97 to cure the arrears on February 1, 2018.

(b) Beginning on September 1, 2017, regular monthly mortgage payments shall continue to be made in the amount of $460.43, or as same may be adjusted from time to time in accordance with Paragraph (e);

(c) If funds are not received prior to the 16th of the month, then the payment shall include all applicable late charges;

(d) All payments to Movant are to be in CERTIFIED FUNDS, MONEY ORDER, or BANK CASHIER'S CHECK with the Loan No. written on the face thereof, and shall be made directly to Attention: BANKRUPTCY DEPARTMENT, The Bank of New York Mellon as Indenture Trustee for Nationstar Home Equity Loan Trust 2009-A, at P.O. Box 619094, Dallas, Texas 75261-9741;

(e) Debtor is responsible to pay the monthly payment as that amount may be adjusted from time to time by Movant in accordance with standard escrow practices;

(f) Debtor is responsible to reimburse Movant for its attorneys' fees and costs in connection with this motion. All further payments will be applied to the arrears and or monthly payments in the manner prescribed by the Mortgage and Note.

5. In the event that Debtor fail to make any of the payments set forth above, Movant shall notify Debtor and Debtor's attorney of the default in writing and Debtor may cure the default within 15 days of the notice. If Debtor should fail to cure the default within 15 days, Movant may file a Certification of Default with the Court, and upon the filing of the Certification, Debtor consents to the Court entering an Order granting Movant relief from the Automatic Stay.

3 Beggs Stipulation Bankruptcy Case # 17-12334/SR

6. After Movant sends two (2) Notices of Default for Debtor's failure to remain post-petition current, then Movant may file a Certification of Default with the court instead of sending a third Notice of Default.

7. Debtor understands that should Movant be forced to provide a written Notice of Default of this Stipulation, that Debtor shall be responsible for any reasonable attorney fees of $50.00 per Notice of Default and $200.00 per Certification of Default incurred by Movant as a result of preparation of same.

8. Debtor agrees that the Court may waive Rule 4001(a)(3), permitting Movant to immediately implement and enforce the Court's order.

Dated: 8/14/17

_____
Kevin S. Frankel, Esquire
Attorney for Movant

Dated: 8/14/17

_____
Brad J. Sadek, Esquire
Attorney for Debtor

Dated: 8/14/17

_____
Frederick L. Reigle
Trustee

AND NOW, this _____ day of _____, 2017, it is hereby ORDERED that the foregoing Stipulation is approved, shall be, and is made an Order of this Court.

BY THE COURT:

_____
HONORABLE STEPHEN RASLAVICH
UNITED STATES BANKRUPTCY JUDGE